**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JERRY SIPPLE, | 2:05-CV-231-BES-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| ALLSTATE INSURANCE COMPANY; and DOES I through V and ROE corporations VI through X, inclusive, | |
| Defendants. | |

Currently before this Court is Plaintiff Jerry Sipple's ("Sipple") Motion to Enforce Stipulation For Binding Arbitration (# 13), which was filed on April 18, 2006. Defendant ALLSTATE Insurance Company ("ALLSTATE") filed an Opposition (# 14) on April 28, 2006. Sipple did not file a reply. For the following reasons, Sipple's Motion to Enforce Stipulation For Binding Arbitration is granted.

**I. BACKGROUND**

On January 26, 2004, Sipple was operating his vehicle when it was struck by a vehicle operated by Gerson Mejia. As a result of the accident, Sipple sought medical care, underwent medical treatment and was hospitalized. ALLSTATE was the automobile insurance carrier for Sipple. Gerson Mejia was an underinsured motorist and Sipple's policy contained a provision for underinsured motorist coverage.

On January 25, 2005, Sipple brought this suit against ALLSTATE in the District Court for Clark County. On February 25, 2005, the case was removed to this Court. On October 28, 2005, the parties filed a Stipulation to Stay Proceeding Pending Binding Arbitration. On

1

January 3, 2006, Counsel for the parties signed a stipulation for binding arbitration.

On February 16, 2006, the parties arbitrated the dispute before a mutually agreed upon arbitrator. On April 18, 2006, Sipple filed his Motion to Enforce Stipulation For Binding Arbitration. On April 28, 2006, ALLSTATE filed an Opposition, arguing that Sipple breached the arbitration agreement and, thus, the arbitrator should not be permitted to issue an award and the Court should order that the parties appoint a new arbitrator to arbitrate the matter again.

## II. ANALYSIS

An agreement to arbitrate is a matter of contract. <u>Chiron Corp. v. Ortho Diagnostic Sys.</u>, 207 F.3d 1126, 1130 (9th Cir. 2000). The parties entered into a stipulation for binding arbitration that states, "This arbitration shall be binding and shall be the sole and final resolution and adjudication of this matter." The parties do not dispute that the arbitration agreement is binding. Therefore, the Court will treat the arbitration agreement as a binding contract between the parties.

ALLSTATE argues that Sipple is in breach of the arbitration agreement because Sipple's arbitration brief contained (1) A reference to the monies recovered from the third party driver; and (2) discussions regarding extra-contractual issues, including references to alleged bad faith in Plaintiff's claims handling and evaluation. Because Sipple allegedly breached the arbitration agreement, ALLSTATE argues the only reasonable cure for the breach is to hold a new arbitration. ALLSTATE relies on <u>Northwestern Sec. Ins. Co. v. Clark</u>, 84 Nev. 716, 448 P.2d 39, 41 (1968)(superceded by statute, recognized by <u>Coblentz v. Hotel Employees & Restaurant Employees Union Welfare Fund</u>, 925 P.2d 496, 500, 112 Nev. 1161, 1169, (Nev. 1996) for the position that an "arbitrator may decide all issues voluntary submitted to him. The range of his decision is bound only by the scope of the submission."

The parties agree that ALLSTATE's counsel mentioned to the arbitrator and Sipple's counsel about the contents of Sipple's arbitration brief and the matter was discussed prior to the arbitration. Sipple asserts that the arbitrator informed both parties that this issue would not have any bearing on his decision as he saw his role in this case as placing a total value

on the case. At that point, ALLSTATE elected to go forward with the arbitration and presented its case to the arbitrator.

Sipple argues that by mentioning the receipt of proceeds from the adverse driver's insurer that it has, at best, committed an immaterial breach of the arbitration agreement. Furthermore, Sipple argues that because the arbitration agreement put limits on recovery that ALLSTATE did not suffer any damages. Sipple relies on Reeder v. Kay, 282 Ore. 191, 577 P.2d 925 (Or. 1978), for the position that ALLSTATE did not and will not suffer any ascertainable damages because of Sipple's mention of the receipt of other monies. Thus, Sipple asserts, an immaterial breach by one party does not operate to discharge an obligation by the other party. Id. at 194.

A party is not automatically excused from the performance of contract obligations every time the other party commits a breach. Management Computer Services, Inc. v. Hawkins, Ash, Baptie & Co., 206 Wis.2d 158, 557 N.W.2d 67 (1996). The parties agree that Sipple's arbitration brief mentioned the receipt of proceeds from the adverse driver's insurer, but the mention of it is an immaterial breach of the stipulation. If the breach is relatively minor and not of the essence, the contract is still binding. Id.

Moreover, ALLSTATE informed the arbitrator about the information that was mentioned in Sipple's brief and these facts were discussed with the arbitrator and Sipple's counsel prior to arbitration. After this discussion, ALLSTATE elected to go forward with the arbitration and waived its right to assert a breach.

Under strict formulation of the election doctrine, any act indicating an intent to continue the contract is an election, and election to continue may occur simply by failure of the injured party to take action to end the agreement within a reasonable time after becoming aware of the facts. Under that view, if performance continues and is accepted, the right to end the contract cannot be preserved even by explicit expression of intent; any inconsistent act results in the loss of right, unless the other party assents to its retention by the aggrieved party. Cites Serv. Helex v. U.S., 211 Ct.Cl. 222, 543 F.2d 1306,1313 (1976); See generally 5 S. Williston, Contracts ss 683-85 (3d ed. W. Jaeger 1961).

Here, there is no dispute that ALLSTATE elected to go forward with the arbitration. As a result, it forfeited its right to now seek to avoid the arbitrator's decision, whatever it might be.

### III. CONCLUSION

Based on the foregoing,

IT IS HEREBY ORDERED that Sipple's Motion to Enforce Stipulation For Binding Arbitration (#13) is GRANTED.

DATED this 22ND day of December, 2006.

_____
UNITED STATES DISTRICT JUDGE